UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
In re:

        Chapter 7

    JUAN M. CAZARES DOMINGUEZ,
    *aka* JUAN M CAZARES,
    *aka* JUAN MANUEL CAZARES,        Case No. 26-40482-ess
    *aka* JUAN CAZARES,
    *aka* JUAN DOMINGUEZ,
    *aka* JUAN CAZARES DOMINGUEZ,
    *aka* JUAN MANUEL DOMINGUEZ,
    *aka* JUAN MANUEL CAZARES DOMINGUEZ,
    *aka* JUAN M DOMINGUEZ,

                      Debtor.
---------------------------------------------------------------------x

**MEMORANDUM DECISION ON THE REQUIREMENT OF
NOTICE AND A HEARING ON THE QUESTION
<u>OF DISMISSAL FOR FAILURE TO PAY THE FILING FEE</u>**

February 24, 2026

## Introduction

The question presented by this Order to Show Cause is whether this bankruptcy case must be dismissed because Juan M. Cazares Dominguez (the "Debtor") did not pay the statutorily mandated filing fee when this case was filed. Answering that question calls for the Court to consider an additional matter – whether the Court may dismiss this bankruptcy case, or any bankruptcy case, for the failure to pay a filing fee without first holding a hearing on that question, on notice to the debtor.

As discussed below, the plain language of the Bankruptcy Code and Rules, coupled with fundamental due process rights, mandate that the Court hold a hearing before such a dismissal can occur. Viewed another way, the Bankruptcy Code and Rules direct both the payment of the filing fee, and notice and an opportunity to be heard, before the failure to pay that fee can trigger the dismissal of the case.

Summary or *sua sponte* dismissal for non-payment of a fee is simply not consistent with these requirements. Such a dismissal deprives the debtor of the right to notice and an opportunity to be heard, and to present argument and evidence that could be relevant to the determination as to whether dismissal is warranted. And as a practical matter, it would guarantee that the fee at issue would never be collected.

## Background

On January 29, 2026, the Debtor filed a voluntary Chapter 7 petition, commencing this case (the "Bankruptcy Case"). The same day, the Clerk of Court entered a notice of deficient Chapter 7 filing (the "Deficiency Notice"), ECF No. 6, identifying as the sole deficiency in the Bankruptcy Case that the Debtor did not pay the filing fee "for commencing a bankruptcy case pursuant to 28 U.S.C. § 1930(a) or Application for Individuals to Pay the Filing Fee in

1

Installments (Official Form 103A) or Application to Have the Chapter 7 Filing Fee Waived (Official Form 103B)." As of the date of this decision, the Debtor has not paid the filing fee, filed an application to pay the filing fee in installments, or filed an application to have the filing fee waived.

## Discussion

### *The Bankruptcy Code and Rules*

It is plain from the Bankruptcy Code that a debtor must pay a filing fee, or request a waiver of that fee, in order to file a bankruptcy case. If the debtor does not do so, then the case may be dismissed. But is notice and a hearing required before that dismissal can occur? The starting point for addressing this question is the Bankruptcy Code and Rules. And as set forth below, the requirement of a hearing before dismissal for non-payment of fees is firmly – and indeed, explicitly – rooted in both.

At the outset, Bankruptcy Code Section 707(a) states that a court may dismiss a Chapter 7 case "only *after notice and a hearing* and only for cause." 11 U.S.C. § 707(a) (emphasis added). And the non-payment of fees is specifically identified as "cause" for dismissal under this Section. *Id*. In particular, Section 707(a)(2) identifies "nonpayment of any fees or charges" as a specifically enumerated grounds for dismissal – but again, "only *after notice and a hearing*." 11 U.S.C. § 707(a) (emphasis added). That is, the plain terms of the Bankruptcy Code connect the "cause" of non-payment of a bankruptcy fee directly to the procedural requirement of "notice and a hearing." 11 U.S.C. § 707(a). And a dismissal may occur "only" after such notice is provided and a hearing is held. *Id*.

The requirement of notice and a hearing is not novel or out of step with other terms and provisions of the Bankruptcy Code and Rules. Notably, this mandate extends beyond Chapter 7.

2

For example, pursuant to Bankruptcy Code Section 1112(b)(1), "on request of a party in interest, and *after notice and a hearing*, the court shall convert a case under [Chapter 11] to a case under chapter 7 or dismiss a case . . . whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1) (emphasis added).

The same requirement of notice and a hearing before a dismissal occurs can be found under Chapters 9, 12, and 13. *See* 11 U.S.C. § 930(a) (stating that "[a]fter notice and a hearing, the court may dismiss a case under this chapter for cause"); 11 U.S.C. § 1208(c)(2) (stating that "[o]n request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including . . . nonpayment of any fees and charges"); 11 U.S.C. § 1307(c)(2) (stating that "after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title . . . whichever is in the best interests of creditors and the estate, for cause, including . . . nonpayment of any fees and charges").

And this is also reflected in the Bankruptcy Rules. As one example, Federal Rule of Bankruptcy Procedure 1017(a) provides that, with limited exceptions, "the court must conduct *a hearing on notice* under Rule 2002 before dismissing a case on the petitioner's motion, for want of prosecution or other cause, or by the parties' consent." Fed. R. Bankr. P. 1017(a) (emphasis added). Bankruptcy Rule 1017(b) addresses the question of dismissal for failure to pay an installment toward the filing fee and states, "[i]f the debtor fails to pay any installment toward the filing fee, the court may dismiss the case *after a hearing on notice* to the debtor and trustee." Fed. R. Bankr. P. 1017(b) (emphasis added). That is, dismissal may be warranted on motion, on consent, or if the debtor misses an installment payment – but only after notice and a hearing.

To the same effect, Bankruptcy Rule 1017(c) imposes the same requirement of notice and a hearing on a motion to dismiss that is brought by the United States Trustee. That Rule states in

3

pertinent part that such a motion may be made in "a voluntary Chapter 7 case . . . or a Chapter 13 case . . . for a failure to timely file the information required by § 521(a)(1). But the court may do so *only after a hearing on notice* served by the United States trustee on the debtor, trustee, and any other entity as the court orders." Fed. R. Bankr. P. 1017(c) (emphasis added).[1]

To be sure, Bankruptcy Code Section 102(1) empowers courts to assess the facts and circumstances of a particular situation, and, where appropriate, to tailor the notice and hearing to them. Section 102(1) states "'after notice and a hearing', or a similar phrase . . . means after such notice as is appropriate in the particular circumstances, and [after] such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). It also permits courts to proceed "without an actual hearing if such notice is given properly" and certain other conditions are met, including that "there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act." 11 U.S.C. § 102(1)(B).

But, as the Collier's treatise notes, the goal of this rule of general construction is "to provide flexibility and fairness – both the notice and the opportunity for a hearing should be 'appropriate in the particular circumstance.'" 2 Collier on Bankruptcy ¶ 102.02, at 102-4 (Richard Levin & Henry J. Sommer eds., 16th ed.). And:

> It should be kept in mind that section 102 is a general rule of construction, so that it must yield to a more specific requirement in either the statute or the rules. Thus, where a Code section or a rule . . . provides that a hearing must be held, the more specific requirement must be complied with.

*Id*.

---

[1] Similar requirements of notice and a hearing may be found elsewhere in the Bankruptcy Rules, including Bankruptcy Rule 1017(d) (requiring "a hearing on notice" to dismiss or suspend a case under Bankruptcy Code Section 305); Bankruptcy Rule 1017(e) (addressing dismissal or conversion of an individual debtor's Chapter 7 case for abuse "only after a hearing on notice"). Indeed, the phrase "after notice and a hearing" appears in the Bankruptcy Code over fifty times, associated with various requirements and requests for relief.

And this makes sense, for several reasons. At the outset, many debtors may file a bankruptcy case at a time when they are experiencing significant and urgent financial distress. They may be new to the bankruptcy process, and they may not have a lawyer who is familiar with bankruptcy practice and procedure – or a lawyer at all. It is hard to see the benefit, to the debtor, their creditors, or the bankruptcy system, of the summary dismissal of such a case as a consequence of the fact that part or all of the filing fee was not paid.

Next, as a practical matter, courts depend on the collection of fees, including filing fees, for their operations. *See*, *e.g.*, *U.S. v. Kras*, 409 U.S. 434, 448 (1973) (noting that the modern bankruptcy system relies on fees because the Congress "sought to make the system self-sustaining and paid for by those who use it rather than by tax revenues drawn from the public at large"). Scheduling a hearing affords the debtor an opportunity to learn about and satisfy the filing fee requirement, apply for installment payments, seek a fee waiver, and ultimately, satisfy the requirement by paying the fee. If the case is set for a hearing, the debtor has an opportunity to learn what is required, to take some or all of these steps and – quite possibly – to pay the fee. If the case is dismissed without notice and a hearing, it is a certainty that the filing fee will not be paid.

And finally, filing a bankruptcy case is challenging, under the best of circumstances. Many debtors may file for bankruptcy protection without a lawyer who is knowledgeable about bankruptcy practice and procedure, or without a lawyer at all. Others may have records that are incomplete. An early hearing to address the question of the filing fee may be the first step in the process that permits the debtor to learn what they need to do to get their case on a path to success. And again, that may well include paying the filing fee.

*The Question of Due Process – Notice and an Opportunity to Be Heard*

The requirements of the Bankruptcy Code and Bankruptcy Rules – and the Court's interest in good case management – are surely reason enough to schedule a hearing on the question of the dismissal of a bankruptcy case because the filing fee has not been paid. But perhaps the most significant reason to schedule such a hearing and provide the debtor notice and an opportunity to be heard before their case is dismissed arises from the Court's most central obligation – that of due process, including providing notice and an opportunity to be heard. Stated simply, fundamental due process principles require that a debtor must be given notice and a meaningful opportunity to be heard before their case is dismissed for non-payment of all or a portion of a filing fee.

At the outset, and as the Supreme Court has found, the prospect, and even the promise, of bankruptcy relief and a "fresh start" is a significant interest of the debtor. *Stellwagen v. Clum*, 245 U.S. 605, 617 (1918). And as the Supreme Court observed nearly a century ago, the "purpose of the [Bankruptcy Act] has been again and again emphasized by the courts as being of public as well as private interest, in that it gives to the honest but unfortunate debtor . . . a new opportunity in life and a clear field for future effort." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934).

The significance of this "fresh start" is reflected in the literally hundreds of thousands of individual bankruptcy cases that are filed each year. *U.S. Bankruptcy Courts – Bankruptcy Cases Commenced, by Chapter of the Bankruptcy Code, During the 12-Month Period Ending June 30, 2025*, Administrative Office of the U.S. Courts, https://www.uscourts.gov/sites/default/files/document/bf_f2_0630.2025.pdf. This "fresh start" and bankruptcy discharge is a significant interest of the debtor, and a summary dismissal without

notice or hearing would deprive them of this without the most basic opportunity to know what is required, what needs to be done, and what will happen if it is not done. *Stellwagon*, 245 U.S. at 617. So before this chance is lost, it is reasonable – and even necessary – to provide the debtor with notice, a hearing, and the opportunity to present their case.

In addition, as a practical matter, hearings can identify and resolve problems. At the hearing, the debtor learns what needs to be done, and the court can set deadlines – with consequences if there is not compliance. Viewed another way, an unpaid filing fee or other deficiency need not be the end of the case, and a hearing to address the deficiency can be the turning point in the case – as well as the best opportunity to collect that fee. A debtor that has complied with many, and even most, of the requirements of the Bankruptcy Code and Rules may yet have overlooked one – or more – that can be remedied. Perhaps the failure to pay the fee, or an installment that has come due, was caused by a simple oversight or miscommunication between a debtor and their counsel. Or perhaps the debtor has experienced an unexpected and unpredictable financial hardship or other temporary setback that would warrant installment payments or even a waiver of the fee.

And mistakes do happen, even in courts. A hearing can help to identify any potential clerical or administrative error related to the payment and crediting of the missing fee. And dismissal without notice and a hearing eliminates the possibility of identifying, addressing, and resolving errors in case administration.

*The Question of Efficiency*

Finally, it is worth noting that in a time of great burdens on all courts, including bankruptcy courts, courts should consider all appropriate means to improve the efficiency of

7

court processes, including for the benefit of debtors, creditors, other parties-in-interest, and of course, judges, chambers staff, and court administrators.

But the dismissal of a bankruptcy case without notice and a hearing for the failure to pay some or all of a filing fee is not an appropriate way to achieve "efficiency," and it may not even be effective. What if a debtor simply does not know or understand when or why their bankruptcy case was dismissed? What if the debtor paid the fee to the trustee, or to their counsel, and did not know that it was not received by the court? It is possible that the debtor may refile without knowing what to do differently, taking on the burdens of a repeat bankruptcy filer and compounding the burdens on the court. So, the sought-after "efficiency" may be speculative, at best.

And the prospect of automating such a process places it even farther afield from the plain requirements of the Bankruptcy Code and Rules, as well as due process. While some may view the prospect of an automated process for dismissal to hold out the promise of efficiency, this practice – even if it could be administered flawlessly – would undermine the due process rights of the debtor and other parties-in-interest. And of course, it eliminates any possibility of collecting the fee. The bankruptcy system is designed to provide relief, not to remove it through administrative default. As the Bankruptcy Code plainly states, a debtor's failure to pay the fee is a problem that should be considered by the court after notice and a hearing, not simply processed as an administrative or clerical matter. And the court's role is to ensure fairness, which simply cannot be achieved in a reliable way without first providing notice and an opportunity to be heard to the debtor.

## **Conclusion**

For these reasons, and based on the entire record, the Court finds and concludes that it is necessary to provide the Debtor notice and an opportunity to be heard, in the form of a hearing, on the question of whether this bankruptcy case must be dismissed because they did not pay the statutorily mandated filing fee when the case was filed.

The Court further finds and concludes that in order to meet that requirement, which is set forth in the Bankruptcy Code, including in Section 707(a) and elsewhere, the Bankruptcy Rules, including in Rule 1017(b), and consistent with constitutional requirements of due process, the Court will set a hearing on the question of dismissal for failure to pay the filing fee on notice to the Debtor.  This procedural safeguard is not a mere technicality, but a necessary component of adherence to the Bankruptcy Code, the Bankruptcy Rules, and due process, ensuring that a debtor's interest in bankruptcy relief and a fresh start is not summarily terminated without notice and a meaningful opportunity to be heard.

An Order to Show Cause scheduling a hearing on the question of whether this bankruptcy case must be dismissed for the Debtor's failure to pay the filing fee shall be entered simultaneously herewith.

Dated: Brooklyn, New York
February 24, 2026

Elizabeth S. Stong
United States Bankruptcy Judge